UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | | |
|---|---|---|
| **DAWN M. MAINS** | : | |
| 853 Peach Hill Drive | | |
| Centerville, OH 45458 | : | CASE NO. 3:13-cv-407 |
| Plaintiff | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| **DIGESTIVE SPECIALIST, INC LONG TERM DISABILITY PLAN** | : | |
| 999 Brubaker Dr. | | |
| Kettering, OH 45429 | | |
| | : | **COMPLAINT** |
| and | | |
| | : | |
| **PRUDENTIAL INSURANCE COMPANY OF AMERICA** | | |
| 751 Broad St. | : | |
| Newark, NJ 07102 | : | |

Now comes the Plaintiff, Dawn M. Mains, by and through counsel, and for her Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, the Plaintiff, Dawn M. Mains, asserts a claim for group disability benefits available under a Plan provided for the employees of Digestive Specialists, Inc. which is known as Digestive Specialists, Inc. Long-Term Disability Plan (hereinafter referred to as "the Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court. This action is also brought pursuant to 28 U.S.C. §

1

1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff Dawn M. Mains seeks an award of disability benefits, including disability income benefits, pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Digestive Specialists, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated and she could no longer work. Plaintiff is now disabled. Venue is proper in the Southern District of Ohio because Plaintiff is located in Centerville, Montgomery County, Ohio.

5. At all times relevant hereto, the Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7). This claim is for benefits under the foregoing Plan.

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Prudential Insurance Company of America (hereinafter Prudential).

## STATEMENT OF FACTS

7. Plaintiff was a full time employee of Digestive Specialists, Inc. and actively engaged in employment until March 2, 2009. At that time, she ceased working

due to Crohn's Disease.  Due to her illness, Plaintiff has not engaged in any substantial gainful activity since March 2, 2009.
.

8. Plaintiff made an application for benefits upon her departure from work and short-term disability benefits from March 9, 2009 through May 30, 2009 and long-term disability benefits were paid for an inability to perform her own occupation from May 31, 2009 through May 31, 2011.

9. On March 22, 2012, Plaintiff appeared before an Administrative Law Judge for her Social Security disability benefits (SSDI).  **Four days later**, the Administrative Law Judge issued his Fully Favorable decision granting Ms. Mains' her Social Security disability benefits for the inability to perform any job in the national economy.  Ms. Mains was forty-two years old at the time she was awarded SSDI benefits, therefore, no special rules or guidelines were used to determine her disability from all employment.

10. Long-term disability benefits under the "any occupation" standard of disability began on June 1, 2011.  These benefits were paid through September 30, 2012.  Prudential issued its denial of benefits by letter dated September 26, 2012.

11. In support of their denial letter, Prudential provided the file to Dr. Omowunmi Osinubi, M.D.  Dr. Osinubi had previously provided his opinion in a report he prepared in 2011 supporting Ms. Mains' inability to perform, "any type of sustained work activity at the present time."  Dr. Osinubi gives Ms. Mains' a "guarded" prognosis.  Dr. Osinubi also provided the same opinion in January 2012 when asked to reevaluate the claim.

12. In March 2013, your undersigned prepared and submitted an extensive appeal to Prudential's September 2012 denial.  This appeal included the sworn statement of Teressa Patrick, M.D., Ms. Mains' treating physician[1] dated February 25, 2013, medical records, statement of Dawn Mains and an Addendum to a Vocational

---

[1] This is the second sworn statement in the administrative record from Dr. Patrick.  Prior to this appeal, your undersigned prepared an appeal to a prior denial from Prudential.  This statement of Dr. Patrick was taken on August 5, 2010.

Report that had previously been submitted to Prudential in a prior appeal. (attached as Exhibit A).

13. Before Plaintiff's appeal was submitted to Prudential in March 2013, Prudential undertook surveillance on the Plaintiff, after the denial of benefits was issued on September 26, 2012. On November 21, 2012, a surveillance report was completed for surveillance completed on November 19, 2012 and November 20, 2012. This surveillance caught Ms. Mains doing no more than simple errands and taking care of her son. She placed her son on the bus and got him off the bus. She went to an attorney's office, she picked up prescriptions and she went to one store. It should be noted that all of these places are within five miles of Ms. Mains' residence.[2]

14. In response to Plaintiff's appeal, Prudential, through their vendor, RRS (Reliable Review Services), hired Alan Altman, M.D., to review the file and prepare a report. Dr. Altman believes that Ms. Mains' suffers from "medically necessary restrictions and/or limitations from October 1, 2012 forward." These restrictions and limitations include things such as "operating a vehicle or heavy machinery"; "must have prompt bathroom access"; "the ability to either close her workstation or have co-worker coverage"; "a 15 minute morning and afternoon break to accommodate fatigue"; and "access to drinking water." Dr. Altman concludes that her medical condition will not cause restrictions in sitting, standing, walking, reaching, lifting, carrying or performing upper extremity activities.

15. Dr. Altman concludes that Ms. Mains should be able to perform a sedentary or light physical demand job on a full-time basis. Dr. Altman states that these restrictions and limitations are permanent and states, "The potential for symptoms flaring from either relapse of Crohn's disease or exacerbation of IBS exist and the claimant will require regular specialty care on an ongoing basis." He defers all assessment of "orthopedic and ophthalmologic" impairment to the appropriate specialties. Prudential did not complete any further reviews.

16. Prudential, through third-party vendor, PDA, hired Fran Grunden, a vocational consultant to prepare an Employability Analysis. Ms. Grunden used the

---

[2] There is no mention of the surveillance in the June 6, 2013, denial letter from Prudential.

4

restrictions and limitations provided by Dr. Altman to prepare her report. She identifies the following occupations that Ms. Mains' has transferable skills to: 1) Hospital Admitting Clerk; 2) Data Entry Clerk; 3) Claims Clerk I; and 4) Receptionist. Ms. Grunden states, "In general, it appears reasonable that the occupations would be expected to allow for restroom breaks as needed, however, the availability or opportunity for restroom breaks will most likely depend upon the intensity/urgency, frequency, and duration of diarrhea episodes should they occur again." She believes that the sedentary type occupations will, "most likely be able to provide some allowance for restroom breaks if needed."

17. After Dr. Altman's peer review and Ms. Grunden's Employability Assessment, Prudential issued their denial by letter dated June 6, 2013. This denial letter gave Ms. Mains' the opportunity to appeal again or to file a lawsuit under 502(a) of ERISA. This lawsuit is being filed in response to that denial.

## CAUSE OF ACTION

18. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 17 of the Complaint.

19. Defendant Plan failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying benefits to the Plaintiff contrary to the law and terms of the Plan. The Plan, through its designated fiduciaries, has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

20. Defendant Prudential has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination.

21. While Defendant Prudential, has the authority to make claims determinations under applicable law and the language of the Policy, Prudential's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo.*

22. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

23. Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

24. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

25. The disability Plan under which the Plaintiff Dawn Mains was a participant at the time of her disability should be included in the Administrative record filed with this Court as that document sets forth the sole criteria for benefits for the Plaintiff.

26. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan document, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

27. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Dawn M. Mains prays for the following relief:

A. That the Court enter judgment in Plaintiff Mains' favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Mains in an amount equal to the contractual amount of benefits to which Mains is entitled;

B. That the Court order the Defendants to pay Mains' pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter

      judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court declare Dawn M. Mains' rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Mains' benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and that this declaration be perfected by an Order of this Court;

D. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g) and;

E. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 4th day of December, 2013

Respectfully submitted,

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd., Suite A
Dayton, OH 45458
Tel: 937-428-9800; Fax: 937-428-9811
Email: joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Dawn M. Mains